PEOPLE, PLAINTIFF AND APPELLEE, *v.* PAGÁN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Aggravated Assault and Battery.

No. 960.—Decided May 12, 1916.

INFORMATION — FELONY — MISDEMEANOR. — When an information for felony is quashed on motion of the *fiscal* a new information charging a misdemeanor is not forbidden by section 452 of the Code of Criminal Procedure.

ASSAULT WITH INTENT TO COMMIT MURDER—AGGRAVATED ASSAULT AND BATTERY—DISMISSAL BEFORE BEGINNING OF TRIAL—FORMER JEOPARDY.—Although the crime of aggravated assault and battery, which is a misdemeanor, is necessarily included in the felony of assault with intent to commit murder,

in order that the dismissal of an information charging the latter may be a bar to another prosecution for the former under section 169 of the Code of Criminal Procedure it is essential that the dismissal be ordered after the beginning of the trial for the felony; for a person is not placed in jeopardy for a crime until he has been put on trial before a court of jurisdiction on an information valid and sufficient in form and substance.

.The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Carlos Pagán was charged with attempted murder, but the action having been dismissed by the court on the day before the day set for the trial, on motion of the *fiscal* on the ground that he did not have sufficient evidence to prove that crime, a new information was filed charging the defendant with aggravated assault and battery on the same facts. Upon being arraigned on this charge, the accused moved the court to dismiss the action on the ground that the charge of attempted murder includes that of aggravated assault and battery and because the offense charged in the second informtion was a misdemeanor, invoking section 452 of the Code of Criminal Procedure. The motion was overruled by the lower court and the accused was tried, convicted and sentenced. From that judgment he appealed.

The only question raised in the transcript of the record and argued by the attorney for the appellant is whether the overruling of the said motion was erroneous.

Section 452, cited by the defendant, provides that the dismissal of an action is a bar to any other prosecution for the same offense if it is .a misdemeanor, but it is not a bar if the offense is a felony, which provision is not applicable to the present case because the action dismissed charged a felony and not a misdemeanor.

The other ground on which the appellant moved for dismissal may be regarded as an allegation based on section 169 of the same code, which provides that if the defendant is convicted or acquitted or has been once placed in jeopardy

upon an information, the conviction, acquittal, or jeopardy is a bar to another information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein of which he might have been convicted under that information.

Although the crime of aggravated assault and battery, which is a misdemeanor, is necessarily included in the felony of attempted murder, inasmuch as the only difference between the two is that the latter carries with it the intent to commit murder at the time of the assault and battery, nevertheless in order that the dismissal of an information charging attempted murder may be a bar to another prosecution for aggravated assault and battery, it is essential that the dismissal be ordered after the beginning of the trial for the felony; for a person is not placed in jeopardy for a crime until he has been put on trial before a court of competent jurisdiction upon an information valid and sufficient in form and substance to sustain a conviction. 12 Cyc. 261, 268.

The first prosecution in this case having been dismissed before the trial began, the appellant was not put in jeopardy of being convicted of the misdemeanor of aggravated assault and battery of which he was convicted later, and his motion to dismiss was properly overruled.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.